# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GUSTAVO DIAZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>FCA US LLC,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 21-cv-00906-EJW

**JURY TRIAL DEMANDED**

## ORDER

On November 10, 2023, Plaintiffs filed their Motion to Certify an Appeal Pursuant to 28 U.S.C. § 1292(b) or, in the Alternative, for Entry of Judgment Under Fed. R. Civ. P. 54(b) ("Plaintiffs' Motion") (D.I. 74), which is ripe for review,[1] *see* D.I. 75, D.I. 80, D.I. 83.

The Court: (1) "expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b), in light of "judicial administrative interests as well as the equities involved," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), as well as other factors, *see Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (listing factors, for example, "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like," as well as "the possibility that the reviewing court might be obliged to consider the same issue a second time"); and (2) expressly

---

[1]   On December 19, 2023, Defendant timely filed its Application for Oral Argument on Plaintiffs' Motion (D.I. 84). The Court concludes that oral argument is unnecessary here. Accordingly, it is **ORDERED** that Defendant's Application for Oral Argument on Plaintiffs' Motion (D.I. 84) is **DENIED**. *See* D. Del. Local Rule 7.1.4 ("An application for oral argument may be . . . denied, in the discretion of the Court.").

directs the Clerk's Office to enter judgment in favor of Defendant with respect to the Fraud-Based Claims (Counts I, II, V, VI, VIII, X, & XII).  *See Diaz v. FCA US LLC*, No. 21-cv-00906-EJW, --- F. Supp. 3d ----, 2023 WL 6160560, at *3 (D. Del. Sept. 21, 2023) ("The Fraud-Based Claims (Counts I, II, V, VI, VIII, X, & XII) are Dismissed with Prejudice Because Plaintiffs Fail to Plausibly Plead FCA's Pre-Sale Knowledge.").

Therefore, Plaintiffs' Motion (D.I. 74) having come before the Court, the Court having reviewed the pleadings and papers, *see* D.I. 75, D.I. 80, D.I. 83, as well as having surveyed Third Circuit case law,[2] *see, e.g.*, *Twardzik v. HP Inc.*, No. 22-2650, 2023 WL 5770999, at *3 & n.1 (3d Cir. Sept. 7, 2023) (nonprecedential) (applying the strictures of Federal Rule of Civil Procedure 9 to allegations of misrepresentations or omissions, as well as acknowledging that boilerplate and conclusory allegations would not survive "even under a relaxed application of Rule 9(b)"), and good cause appearing, it is hereby **ORDERED** that Plaintiffs' Motion (D.I. 74) is **DENIED-IN-PART** to the extent that Plaintiffs request certification to appeal pursuant to 28 U.S.C. § 1292(b), and is **GRANTED-IN-PART** to the extent that Plaintiffs request entry of

---

[2] Under Third Circuit precedent, "[w]hile state of mind may be averred generally, plaintiffs must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (adopting the Second Circuit's approach, where a plaintiff alleging fraud "must still allege specific facts that give rise to a 'strong inference' that the defendant possessed the requisite intent," and rejecting the Ninth Circuit's approach, where "the Rule leaves no room for requiring specific facts to be pled"); *see also Robinson v. Gen. Motors LLC*, No. 20-663-RGA-SRF, 2021 WL 3036353, at *4 (D. Del. July 19, 2021) ("Nevertheless, omission-based fraud claims must satisfy Rule 9(b) by pleading the who, what, when, where, and how of the alleged omission." (cleaned up)), *report and recommendation adopted*, No. 1:20-cv-00663, 2021 WL 7209365 (D. Del. Nov. 30, 2021); *Mkt. Am., Inc. v. Google, Inc.*, No. 09-494-GMS, 2010 WL 3156044, at *4 (D. Del. Aug. 9, 2010) ("Despite the lower particularity threshold required to plead the knowledge element of a fraud claim, however, a plaintiff must still allege sufficient facts from which it can be reasonably inferred that this something was knowable and that the defendants were in a position to know it." (cleaned up)).

judgment under Fed. R. Civ. P. 54(b) for the Fraud-Based Claims (Counts I, II, V, VI, VIII, X, & XII).

Dated: January 2, 2024 /s/ Evan J. Wallach
UNITED STATES CIRCUIT JUDGE

3