# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUSTAVO DIAZ, *et al.*, ) | |
| ) | C.A. No. 1:21-cv-00906-EJW |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | |
| FCA US LLC, ) | |
| ) | |
| *Defendant*. ) | |

## FCA US LLC'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO CERTIFY
## AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware  19801
Tel:  (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Thomas L. Azar, Jr. (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri  63102
Tel:  (314) 888-2970
steve.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................................................... ii

I. NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................................ 2

III. ARGUMENT .................................................................................................................... 3

    A. Certification For Appeal Is Not Warranted Under 28 U.S.C. § 1292(b). ................ 3

        1. The Adequacy Of Plaintiffs' Pleading Is Not A Controlling Question Of Law. ........................................................................................ 4

        2. No Substantial Ground For A Difference Of Opinion. ............................... 6

        3. Ultimate Termination Of The Litigation Is Not Materially Advanced. ................................................................................................. 10

IV. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahrenholz v. Bd. of Trs. of Univ. of Illinois*,
219 F.3d 674 (7th Cir. 2000) ................................................................................................... 4

*Alexander v. Washington Mut., Inc.*,
2008 WL 3285845 (E.D. Pa. 2008) ................................................................................ 10, 11

*Anderson News, L.L.C. v. Am. Media, Inc.*,
680 F.3d 162 (2d Cir. 2012) ..................................................................................................... 8

*Brinkmeier v. Graco Children's Prod. Inc.*,
767 F.Supp.2d 488 (D.Del. 2011) ....................................................................................... 6, 8

*Connelly v. Lane Const. Corp.*,
809 F.3d 780 (3d Cir. 2016) ..................................................................................................... 9

*DeWit v. Firstar Corp.*,
904 F. Supp. 1476 (N.D. Iowa 1995) .................................................................................... 11

*Diaz v. FCA US LLC*,
134 F.4th 715 (3d. Cir. 2025) ................................................................................................... 2

*Doe v. Princeton Univ.*,
30 F.4th 335 (3d Cir. 2022) ..................................................................................................... 8

*Francis v. Gen. Motors, LLC*,
504 F.Supp.3d 659 (E.D. Mich. 2020) .................................................................................... 9

*Galiano v. Harrah's Operating Co.*,
2002 WL 1009479 (E.D. La. 2002) ...................................................................................... 11

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*,
234 F.Supp.2d 324 (S.D.N.Y. 2002) ....................................................................................... 3

*In re Asbestos Prod. Liab. Litig. (No. VI)*,
822 F.3d 125 (3d Cir. 2016) ..................................................................................................... 8

*In re Cognizant Tech. Sols. Corp. Sec. Litig.*,
2021 WL 1016111 (D.N.J. 2021) ............................................................................................ 5

*In re Essar Steel Minnesota LLC*,
607 B.R. 409 (D.Del. 2019) ..................................................................................................... 3

*In re Schering-Plough Corp.*,
2010 WL 2546054 (D.N.J. 2010) ............................................................................................ 5

*In re Wyoming Tight Sands Antitrust Cases*,
   695 F. Supp. 1109 (D. Kan. 1988) .................................................................................. 11

*Int'l Const. Prod., LLC v. Caterpillar, Inc.*,
   2023 WL 2968111 (D.Del. 2023) ..................................................................................... 4

*Martin v. Altisource Residential Corp.*,
   2019 WL 3945249 (D.V.I. 2019) ...................................................................................... 5

*Milbert v. Bison Labs., Inc.*,
   260 F.2d 431 (3d Cir. 1958) .............................................................................................. 3

*Nice v. L-3 Comms. Vertex Aerospace LLC*,
   885 F.3d 1308 (11th Cir. 2018) ........................................................................................ 4

*Petro v. FCA US*,
   2024 WL 3848433 (D.Del. 2024) ..................................................................................... 9

*Pistorio v. FCA US LLC*,
   2022 WL 141524 (E.D. Mich. 2022) ................................................................................ 9

*Resol. Tr. Corp. v. Cityfed Fin. Corp.*, 57 F.3d 1231 (3d Cir. 1995),
   *vacated on other grounds* by *Atherton v. F.D.I.C.,* 519 U.S. 213 (1997) ..................... 4

*Romero v. Ctr. for Excellence in Higher Educ., Inc.*,
   2023 WL 6929361 (D.Del. 2023) ............................................................................... 3, 10

*Talley v. Gen. Motors, LLC*, 2021 WL 7209448 (D.Del. 2021),
   *reconsideration denied*, 2022 WL 958467 (D.Del. 2022) ........................................ 9, 10

*Unimed Intl., Inc. v. Fox News Network, LLC*,
   2021 WL 2566720 (D.N.J. 2021) ...................................................................................... 5

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
   1979 WL 1689 (E.D. Pa. 1979) ....................................................................................... 11

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................... 2, 7

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 5

Fed. R. Civ. P. 54(b) ..................................................................................................... 1, 2

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiffs seek another shot at an interlocutory appeal in an attempt to revive their dismissed fraud claims.[1] This Court previously denied an earlier, similarly purposed motion, but entered a judgment on the fraud claims under Rule 54(b), which led to an appeal by Plaintiffs that the Third Circuit ultimately dismissed based on a lack of jurisdiction.[2]

Plaintiffs filed this action on June 24, 2021, Defendant FCA US LLC moved to dismiss it, and the Court granted FCA US's motion.[3] With the Court's leave, Plaintiffs amended their pleading and FCA US again moved to dismiss.[4] After the parties fully briefed that second motion to dismiss but before the Court issued any ruling on it, Plaintiffs again moved for leave to amend.[5] The Court directed Plaintiffs to file a First Amended and Supplemental Class Action Complaint ("FASC"), and the parties supplemented their briefing on the pending motion to dismiss to address the FASC's newly added "supplemental" averments.[6]

The Court dismissed the FASC's fraud-based claims and certain warranty claims, leaving the two implied warranty claims under New Jersey and Texas law.[7] Plaintiffs moved for reargument, which the Court denied.[8] Plaintiffs thereafter asked the Court to both (i) certify an

---

[1] *See* D.I. 109, 110 ("renewed" motion to certify and brief in support).

[2] *See* D.I. 74, 75 (motion to certify and brief in support); D.I. 85 (order); D.I. 88 (notice of appeal); D.I. 104 (Third Circuit judgment).

[3] *See* D.I. 1 (complaint); D.I. 15, 16 (motion to dismiss and brief in support); D.I. 34 (order of dismissal).

[4] *See* D.I. 39 (first amended complaint), D.I. 47, 48 (motion to dismiss and brief in support).

[5] *See* D.I. 51, 52 (motion for leave and brief in support).

[6] *See* D.I. 58 (order directing filing of FASC); D.I. 59 (FASC); D.I. 61, 62, 63 (supplemental briefing).

[7] *See* D.I. 64 (order of dismissal).

[8] *See* D.I. 65, 67, 70 (briefing on motion for reargument and brief in support); D.I. 71 (order denying motion).

interlocutory appeal under 28 U.S.C. § 1292(b) and (ii) enter final judgment on their "fraudulent omission" claims under Fed. R. Civ. P. 54(b).[9] After "having reviewed the pleadings and papers as well as having surveyed Third Circuit case law . . . acknowledging that boilerplate and conclusory allegations would not survive 'even under a relaxed application of Rule 9(b),'" the Court denied the motion to certify but entered final judgment on the dismissal of the fraud-based claims.[10] Plaintiffs appealed the dismissal and the Court stayed proceedings through the appeal's resolution.[11]

The Third Circuit determined the judgment was not final after all and dismissed the appeal for lack of jurisdiction.[12] The Court lifted its stay of these proceedings, and Plaintiffs expressed their intent to file the instant "renewed" motion.[13]

## II.  SUMMARY OF ARGUMENT

Plaintiffs still do not identify any issue *of law* where there are substantial grounds for disagreement, and they do not (nor can they) identify any place where the Court misstated or misidentified the appropriate legal standard.  The fact remains: this Court exercised its sound discretion when it dismissed Plaintiffs' fraud-based claims and Plaintiffs simply wish the circumstances were otherwise.  The Court's order of dismissal does not create the type of extraordinary situation meant to qualify for interlocutory appeal under 28 U.S.C. § 1292(b).  In short, nothing has changed since the Court previously denied Plaintiffs leave to file an

---

[9] *See* D.I. 74, 75, 80, 83 (briefing on motion to certify and brief in support).

[10] *See* D.I. 85 (order)

[11] *See* D.I. 88 (notice of appeal); D.I. 94 (order).

[12] *See* D.I. 104 (Third Circuit order); *see also Diaz v. FCA US LLC*, 134 F.4th 715, 719 (3d. Cir. 2025).

[13] *See* D.I. 103 (order lifting stay); D.I. 105 (parties' joint letter); D.I. 107 (order permitting "renewed" motion).

interlocutory appeal under 28 U.S.C. § 1292(b) and Plaintiffs should be expected to proceed with the claims this Court determined were the only viable ones.

### III.  ARGUMENT

**A.    Certification For Appeal Is Not Warranted Under 28 U.S.C. § 1292(b).**

Interlocutory appeals are permitted only under limited circumstances.  "A court may grant leave to file an interlocutory appeal from an order if it (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *Romero v. Ctr. for Excellence in Higher Educ., Inc.,* 2023 WL 6929361, *1 (D.Del. 2023); *see also Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 234 F.Supp.2d 324, 325 (S.D.N.Y. 2002) (noting that even when all these elements are met, a district court still retains its "unfettered discretion" to deny certification).

Thus, certifying an order for an interlocutory appeal under 28 U.S.C. § 1292(b) is an **exceptional** remedy.  *See*, *e.g.*, *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) ("Congress intended that section 1292(b) should be **sparingly** applied.  It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.") (emphasis added); *In re Essar Steel Minnesota LLC*, 607 B.R. 409, 414-15 (D.Del. 2019) ("Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal **establishes exceptional circumstances** to justify a departure from the basic policy of postponing review until after the entry of final judgment.") (emphasis added); *Romero*, 2023 WL 6929361 at *1 (interlocutory appeal appropriate "**only in exceptional cases** where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation") (emphasis added).

- 3 -

Plaintiffs identify no exceptional circumstances, and they fall short of demonstrating the necessary premise, *i.e.*, the existence of any controlling question of law where there are substantial grounds for a difference of opinion as to its correctness, or grounds for finding an appeal would materially advance the litigation's termination. The Court should exercise its "unfettered discretion" to deny the renewed motion.

1. **The Adequacy Of Plaintiffs' Pleading Is Not A Controlling Question Of Law.**

Section 1292(b) is not the place for reviewing mixed questions of law and fact. *See*, *e.g.*, *Resol. Tr. Corp. v. Cityfed Fin. Corp.*, 57 F.3d 1231, 1236 n.6 (3d Cir. 1995), *vacated on other grounds* by *Atherton v. F.D.I.C.*, 519 U.S. 213 (1997); *Nice v. L-3 Comms. Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018) (vacating order granting permission to appeal under § 1292(b) because it was not an issue of "pure law"); *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) (finding that the term "question of law" in § 1292(b) "refer[s] to a 'pure' question of law rather than merely to an issue that might be free from a factual contest").

Plaintiffs offer nothing to support the notion that the routine determination a complaint is factually deficient, as occurred here, gives rise to a controlling question of law. And a party who "merely disagrees" with the trial court's finding falls short of § 1292(b). *See*, *e.g.*, *Int'l Const. Prod., LLC v. Caterpillar, Inc.*, 2023 WL 2968111, *1 (D.Del. 2023). In *Caterpillar*, the court denied the request for certification where, among other things, the movant "essentially want[ed] a do over with the Court of Appeals" and "simply disagree[d] with [the court's] analysis of the record." *Id.* The court explained:

> [The moving party] does not cite any cases that are contrary to any of the cases I cited in my summary judgment opinion. Indeed, for most of the issues it raises, ***it is clear that it does not disagree on the law. It merely disagrees with my application of that law to the facts of record in this case***. It essentially wants a do over with the Court of Appeals ….

*Id.* (emphasis added).

Determining that a complaint's averments do not meet the concomitant pleading standards is obviously not a "controlling question of law." *See*, *e.g.*, *In re Schering-Plough Corp.*, 2010 WL 2546054, *4 (D.N.J. 2010) (finding that party had "failed to demonstrate that this Court's Opinion exclusively concerns a controlling question of law" and explaining that "determination as to whether Plaintiffs' Complaint properly stated a claim ***involves an interplay between law and facts***" and was thus "within the discretion of this Court") (emphasis added); *see also Martin v. Altisource Residential Corp.*, 2019 WL 3945249, *2 (D.V.I. 2019) ("Because the contested ***issues revolve more around this case's facts than about the appropriate legal standard***, Defendants have ***not*** demonstrated a substantial disagreement as to any 'question of law.'") (emphasis added).

Further, whether "Plaintiffs failed to plead scienter . . . is not a purely legal question" anyway. *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2021 WL 1016111, *3 (D.N.J. 2021). Instead, that issue is "necessarily intertwined with the Court's understanding of the facts of the case." *Id.* Where, as here, a party seeks review of whether a plaintiff adequately pleaded facts, "it is the Court's ***application*** of the various legal standards which is controlling in this case, not the selection of a legal standard." *Id*. ("a challenge to the Court's application of the law is not a controlling question of law for purposes of section 1292(b)") (emphasis in original); *see also Unimed Intl., Inc. v. Fox News Network, LLC,* 2021 WL 2566720, *4 (D.N.J. 2021) ("questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)").

Because this Court applied well-established Rule 12(b)(6) tenets of law to Plaintiffs' allegations of purported "fact," the dismissal of Plaintiffs' fraud-based claims falls well within the Court's discretion and is not a "question of law." Plaintiffs' renewed motion fails on this basis alone.

### 2. No Substantial Ground For A Difference Of Opinion.

Not only is there no controlling question of law at issue, but there are no "substantial grounds for a difference of opinion" on it even if there were. Indeed, Plaintiffs repeat their argument from their original motion, *see* D.I. 75, suggesting (inaccurately) that this Court erred in dismissing their fraud-based claims because it "applied a heightened pleading standard to Plaintiffs' allegations that Defendant had pre-sale knowledge" when it should have just taken as truth the bare-bones "information and belief" allegations and considered them enough to show knowledge "generally." *Compare* D.I. 75 (brief in support of motion to certify) at p. 6, *with* D.I. 110 (brief in support of *renewed* motion to certify) at p. 7. And Plaintiffs admit that the "substantial grounds for disagreement" upon which they base the motion arises from "a genuine doubt as to the ***correct application of law***" rather than the ***substantial ground for difference of opinion on a question of law*** that § 1292(b) requires. *See* D.I. 110, p. 7.

Plaintiffs argue the Court subjected their claims to a heightened pleading requirement for FCA US's pre-sale knowledge of the alleged defect, *see id.* at pp.12-13, but when dismissing the fraud claims this Court correctly applied the legal standard that knowledge may be alleged generally, *see* D.I. 64, p. 3. That lower pleading standard for knowledge does not mean anything goes—the pleading "***must still set forth the specific facts upon which*** [*that*] ***belief is reasonably based***." *Brinkmeier v. Graco Children's Prod. Inc.*, 767 F.Supp.2d 488, 496 (D.Del. 2011) (emphasis added). And ***that*** is what the Court determined was lacking. *See* D.I. 64, at p. 20 ("In sum, Plaintiffs fail to provide any plausible facts …."); *see also id.* at pp. 5-20.

Indeed, as this Court explained: "Plaintiffs' FASC does not sufficiently correct for their failure from the Original Complaint to ***plausibly*** plead FCA's pre-sale knowledge." *See id.* at p. 6 (emphasis added). And the Court's Order was based on the lack of ***plausibility*** to their pre-sale knowledge allegations, not just because of a lack of specificity or the "information and belief"

pleading. *See, e.g., id.* at p. 4 (dismissing with prejudice Plaintiffs' claims grounded in fraud "as Plaintiffs fail to ***plausibly*** plead FCA's pre-sale knowledge to allege a required element of fraud") (emphasis added); *id.* at Heading on p. 5 ("The Fraud-Based Claims … are Dismissed with Prejudice Because Plaintiffs Fail to Plausibly Plead FCA's Pre-Sale Knowledge**.**"); *id.* at p. 13 (describing allegations as "entirely too speculative to satisfy the plausibility requirements of Rule 9(b) because Plaintiffs do not explain ***how*** FCA knew of the Differential Defect from the testing, past designs, and other data here") (emphasis in original); *id.* at p. 13 n.20 ("***Plaintiffs rely on conclusory statements*** to build their case.") (emphasis added); *id.* at p. 14 ("Plaintiffs must allege more than an undetailed assertion that the ***testing must have revealed the alleged defect***.") (emphasis in original); *id.* at pp. 14-15 ("Despite their allegations, Plaintiffs once again ***fail to connect the testing to FCA's alleged pre-sale knowledge*** of the Differential Defect, and ***speculate the result they want*** without elaborating whatsoever as to what that information actually showed.") (internal marks omitted, emphasis added); *id.* at p. 16 ("Plaintiffs fail to show the requisite pre-sale knowledge, when not plausibly pleading any facts that tie the release of a completely new design, for a completely new vehicle, to the rear differentials in their vehicles."); *id.* ("it appears that ***Plaintiffs cherry-picked these distinctions*** between Class Vehicles and the MY2023 Demon") (emphasis added); *id.* at p. 17 ("The Court concludes that Plaintiffs ***fail to plausibly plead*** the relevance of the MY2023 Demon as an admission of defects in rear differential components ….") (emphasis added); *id.* at p. 20 (finding "Plaintiffs fail to provide any ***plausible*** facts demonstrating FCA's pre-sale knowledge of the Differential Defect) (emphasis added).

To be sure, Plaintiffs point to allegations about the design of the new-release Dodge Challenger SRT Demon 170 as an example of "specific facts" pleaded, *see* D.I. 110, p. 9, but the Court spent more than four pages of its Order explaining ***why*** those allegations too were

- 7 -

implausible, *see* D.I. 64, pp. 15-19; *see also Brinkmeier*, 767 F.Supp.2d at 496 (claim survives only when "there is a proper ***factual basis*** asserted to support the beliefs pled") (emphasis added).

Moreover, the authority Plaintiffs rely on is unavailing. For example, in *Doe v. Princeton Univ.* and *In re Asbestos Prod. Liab. Litig. (No. VI)*, the issue was the impermissible consideration of ***extrinsic evidence*** on a motion to dismiss. 30 F.4th 335, 342 (3d Cir. 2022); 822 F.3d 125, 133 (3d Cir. 2016). But there is no extrinsic evidence at issue here. The only content the Court referred to is what Plaintiffs alleged in the FASC, incorporated into it, or attached to it. *See*, *e.g.*, D.I. 59, ¶¶ 32-35, 265-268; *see also*, *e.g.*, D.I. 64, pp. 16-17. And *Anderson News, L.L.C. v. Am. Media, Inc.* addresses occasions when there are differing, yet still plausible, inferences that can be drawn from the same allegations. 680 F.3d 162, 185 (2d Cir. 2012). Here, in contrast, the Court did not disregard one plausible inference for another. Rather, as it thoroughly explained, the FASC's allegations were "too speculative," "conclusory," and devoid of ***any*** "***plausible***" factual basis for drawing even one acceptable inference. *See*, *e.g.*, D.I. 64, pp. 13, 15, 20.

Plaintiffs also repeat their earlier failed argument that certain TSBs show pre-sale knowledge, *see* D.I. 110, p. 10-12, but as this Court has explained in detail, the TSBs Plaintiffs rely on "do not even address the Differential Defect," *see* D.I. 64, p. 7 (allegations relating to TSBs and dealer communications "do not reasonably allow for the inference that the TSBs indicate FCA's pre-sale knowledge for Fraud-Based Claims based on the absence of details relating to the Differential Defect, and [Plaintiffs] speculate to reach an unsupported conclusion that this will be revealed by Defendant's other communications with FCA-authorized dealerships.").

The Court did not impose any "new requirement" that TSBs can only establish presale knowledge if they "directly admit knowledge of a defect," as Plaintiffs argue, *see* D.I. 110, p. 10;

rather, it described the "***disconnect***[]" between "the TSBs themselves … the allegations Plaintiffs make about them …[and] the symptoms identified in Plaintiffs' vehicles," *see* D.I. 64, p. 8.

Although they assert that this Court "splits with" the decisions in *Petro, Pistorio,* and *Francis*,[14] Plaintiffs admit that the TSBs in *Pistorio* and *Francis* were "similar" and "match[ed]" the claims pleaded. *See* D.I. 110, pp. 11-12. And, for *Petro*, the court found there that a service bulletin related to the alleged defect because it encompassed the symptoms the plaintiff alleged in the class vehicles. 2024 WL 3848433 at *5 (finding service bulletins relating to "abnormal engine noise" related to Plaintiffs' complaints of "ticking," "knocking," and "tapping" noises). Here, however, the TSBs are wholly ***dissimilar*** to what Plaintiffs pleaded, *see, e.g.*, D.I. 64, pp. 7-9, and not even specific to the actual vehicles at issue (extending to unrelated Chrysler 200 and 300 vehicles), *see* D.I. 59, ¶¶ 284-288.

Plaintiffs make a convoluted claim that TSBs for halfshafts and propeller shafts ***implicate*** the rear differential defect they allege; but, again, the problem is not "a competing inference." *See* D.I. 110, p. 12. The problem is the pleading deficiency that arises from the "mismatch," the "disconnect[]," and the "speculat[ion]" that plagues Plaintiffs' supposed "knowledge" allegations. *see* D.I. 64, pp. 6, 8; *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) ("plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

Plaintiffs' reliance on *Talley v. Gen. Motors, LLC* is also misplaced. 2021 WL 7209448, *3 (D.Del. 2021), *reconsideration denied*, 2022 WL 958467 (D.Del. 2022). In *Talley*, the court found pre-sale knowledge was plausible because "GM drafted a document teaching mechanics

---

[14] *See, e.g.*, *Petro v. FCA US*, 2024 WL 3848433 (D.Del. 2024); *Pistorio v. FCA US LLC*, 2022 WL 141524, *11 (E.D. Mich. 2022); *Francis v. Gen. Motors, LLC*, 504 F.Supp.3d 659, 683 (E.D. Mich. 2020).

***how to replace 'faulty' starters***" in a case ***about starters***. *Id.* at *3 (emphasis added). No such connection exists in this case. And to the extent Plaintiffs consider their allegations "extensive" and "well beyond the allegations of the *Talley* plaintiff[s]" simply because they submitted "over seventy paragraphs," *see* D.I. 110, pp. 8, 11, they confuse quantity with quality. In *Talley*, the pleading was not as lengthy as the FASC, but it was sufficient for pre-sale knowledge because of the direct connection between the plaintiffs' allegations and GM's internal documents. *Id.* at *3.[15]

At bottom, Plaintiffs simply say that other courts, when presented with entirely different pleaded facts, made different findings. Even if plausibility were somehow a "controlling question of law" (it is not), this does not qualify as substantial ground for a difference of opinion or warrant an interlocutory appeal. *See*, *e.g.*, *Romero*, 2023 WL 6929361 at *3 ("mere disagreement with the Court's ruling is insufficient to create a substantial ground for a difference of opinion"). For this reason too, Plaintiffs' renewed motion should be denied.

### 3. Ultimate Termination Of The Litigation Is Not Materially Advanced.

The Court should deny Plaintiffs' renewed motion for the additional reason that it does not meet the third consideration under § 1292(b). In this context, courts often "examine practical considerations such as whether an immediate appeal would 1) obviate the need for a trial; 2) eliminate complex issues thereby greatly simplifying the trial; or 3) eliminate issues thus making discovery much easier and less costly." *Alexander v. Washington Mut., Inc.*, 2008 WL 3285845, *4 (E.D. Pa. 2008). None of these circumstances apply here.

---

[15] *See also Talley,* Case No. 1:20-cv-01137-SB (D.Del.), D.I. 22. If anything, the "over 70 paragraphs" from the FASC Plaintiffs refer to, *see* D.I. 110, p. 8, evince only "Plaintiffs' efforts to circumvent this inconvenient disconnection" between their allegations and any kind of factual support, *see* D.I. 64, p. 8.

*First*, because Plaintiffs' implied warranty claims remain, even affirming the dismissal of Plaintiffs' fraud-based omission claims would ***not*** obviate the need for a trial. *Second*, reinstating those claims would ***not*** eliminate any issue or simplify trial; to the contrary, issues would be added and trial made more complex. *Third*, the same is true as it relates to discovery: reinstating the dismissed claims would ***not*** make discovery any easier and it would significantly increase the cost.

The cases cited by Plaintiffs are all blatantly inapposite. In *Alexander*, the interlocutory appeal had the potential to ***eliminate*** claims, not add them. 2008 WL 3285845 at *4. In *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* the issue was allowing a jury trial in a nine-year old case with significant technical complexity that was "expected to take approximately one year," so if the appellate court were to determine ***after*** the trial that declining to strike the plaintiffs' jury demand was in error, the result would be a "wasted year-long jury trial." 1979 WL 1689, *1 (E.D. Pa. 1979). In *Galiano v. Harrah's Operating Co.*, the court did not even consider the elements of § 1292(b). 2002 WL 1009479, *3 (E.D. La. 2002). In *DeWit v. Firstar Corp.*, the trial court certified for appeal its dismissal of certain securities claims because the alleged violations were also the "predicate acts" for the surviving RICO claims and an error "could produce an incorrect conclusion … on essential aspects" of those claims. 904 F. Supp. 1476, 1526 (N.D. Iowa 1995), And, finally, in *In re Wyoming Tight Sands Antitrust Cases*, the court certified a question to the appellate court because it had not yet addressed the disputed legitimacy of the *parens patriae* claim at issue, which could ultimately control "several claims of Kansas and Missouri." 695 F. Supp. 1109, 1119 (D. Kan. 1988).

## IV.  CONCLUSION

For these reasons, Defendant FCA US LLC requests that this Court deny Plaintiffs' renewed motion to certify the Court's order for appeal under 28 U.S.C. § 1292(b).

| | |
|---|---|
| Dated: June 18, 2025 | Respectfully submitted,<br><br>**ECKERT SEAMANS CHERIN & MELLOTT, LLC**<br><br> /s/ *Patrick M. Brannigan*  <br>Patrick M. Brannigan (DE No. 4778)<br>Jessica L. Reno (DE No. 5950)<br>222 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>T: 302-574-7400<br>pbrannigan@eckertseamans.com<br>jreno@eckertseamans.com<br><br>-and-<br><br>**KLEIN THOMAS LEE & FRESARD**<br><br>Stephen A. D'Aunoy (*pro hac vice*)<br>Thomas L. Azar, Jr. (*pro hac vice*)<br>Scott H. Morgan (*pro hac vice*)<br>100 N. Broadway, Suite 1600<br>St. Louis, Missouri 63102<br>Tel: (314) 888-2970<br>Steve.Daunoy@kleinthomaslaw.com<br>Tom.Azar@kleinthomaslaw.com<br>Scott.Morgan@kleinthomaslaw.com<br><br>*Attorneys for Defendant FCA US LLC* |

- 13 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 18, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ *Patrick M. Brannigan*